UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON DIVISION

CASE NO.: 3:20-cv-00487

STEVEN LAMONT MARKOS,

  Plaintiff,

v.

JOSEPH PARVIN, DOMAINS FOR SALE, L.L.C. and JOSEPH PARVIN,

  Defendants.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
(INJUNCTIVE RELIEF DEMANDED)

  Plaintiff STEVEN LAMONT MARKOS by and through his undersigned counsel, brings this Complaint against Defendants JOSEPH PARVIN, DOMAINS FOR SALE, L.L.C. and JOSEPH PARVIN for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

  1. Plaintiff STEVEN LAMONT MARKOS ("MARKOS"), brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Markos' original copyrighted works of authorship.

  2. Markos is an experienced professional photographer who makes a living from photography. Markos owns and operates the website, National Park Planner, www.npplan.com. Markos started National Park Planner in 2014 to bring to the public first-hand coverage of the over 400 National Parks that make up America's National Park System, including summaries of the park's amenities and professional photographs of the terrain.

3. Defendant JOSEPH PARVIN, DOMAINS FOR SALE, L.L.C. ("JPDFS") is a domain seller. At all times relevant herein, JPDFS owned and operated the website located at the URL www.ecollectible.com (the "Website"). JPDFS displayed Markos' Work on the Website in an advertisement to promote the sale of the Website.

4. Defendant JOSEPH PARVIN "(Parvin") is the owner and general partner of JPDFS and is listed as the registrant of the Website.

5. Parvin and JPDFS are collectively referred to herein as "Defendants."

6. Markos alleges that Defendants copied Markos' copyrighted Work from the internet in order to advertise, market and promote their business activities. Defendants committed the violations alleged in connection with Defendants' business for purposes of advertising and promoting sales to the public in the course and scope of Defendants' business.

## JURISDICTION AND VENUE

7. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

8. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

9. Defendants are subject to personal jurisdiction in New Jersey.

10. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

## DEFENDANTS

11. Joseph Parvin, Domains For Sale, L.L.C. is a New Jersey limited liability company with its principal place of business at 9 Brendan Place, Princeton Junction, New Jersey

08550, and can be served by serving its Registered Agent, Mr. Joseph Parvin, at the same address.

12.     Joseph Parvin is an individual residing in the state of New Jersey, and can be served at his business address, 9 Brendan Place, Princeton Junction, New Jersey, 08550.

## THE COPYRIGHTED WORK AT ISSUE

13.     In 2015, Markos created a photograph entitled "Cherokee-County01," which is shown below and referred to herein as the "Work".



14.     Markos registered the Work with the Register of Copyrights on March 25, 2018 and was assigned the registration number VA 2-098-080.  The Certificate of Registration is attached hereto as Exhibit 1.

15.     At all relevant times Markos was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANTS

16. Defendants have never been licensed to use the Work at issue in this action for any purpose.

17. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied the Work.

18. Defendants copied Markos' copyrighted Work without Markos' permission.

19. After Defendants copied the Work, they made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its website domain-selling business.

20. Defendants copied and distributed Markos' copyrighted Work in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling products and services.

21. Markos' Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

22. Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

23. Markos never gave Defendants permission or authority to copy, distribute or display the Work at issue in this case.

24. Markos notified Defendants of the allegations set forth herein on October 16, 2019. To date, the parties have failed to resolve this matter. A copy of the Notice to Defendants is attached hereto as Exhibit 3.

**SRIPLAW**
21301 POWERLINE ROAD, SUITE 100, BOCA RATON, FLORIDA 33433

## COUNT I
## COPYRIGHT INFRINGEMENT

25. Plaintiff incorporates the allegations of paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. Markos owns a valid copyright in the Work at issue in this case.

27. Markos registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

28. Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Markos' authorization in violation of 17 U.S.C. § 501.

29. Defendants performed the acts alleged in the course and scope of its business activities.

30. Defendants' acts were willful.

31. Markos has been damaged.

32. The harm caused to Markos has been irreparable.

WHEREFORE, the Plaintiff prays for judgment against the Defendants Joseph Parvin, Domains For Sale, L.L.C. and Joseph Parvin that:

a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Defendants be required to pay Plaintiff his actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

c. Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

    d.     Defendants be required to account for all profits, income, receipts, or other benefits derived by Defendants as a result of their unlawful conduct;

    e.     Plaintiff be awarded prejudgment interest; and

    f.     Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: January 15, 2020         Respectfully submitted,

*/s/ Meir Teitelbaum*
MEIR TEITELBAUM
New Jersey Bar No.: 30895
meir.teitelbaum@sriplaw.com

**SRIPLAW**
21310 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Attorneys for Plaintiff Steven LaMont Markos*